**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6720

CHARLES JERALL SMITH,

Petitioner - Appellant,

versus

GENE M. JOHNSON,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, Magistrate Judge.  (3:05-cv-00196-MHL)

Submitted:  October 4, 2006        Decided:  January 25, 2007

Before MOTZ, KING, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Charles Jerall Smith, Appellant Pro Se.  Susan Lee Parrish, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Jerall Smith seeks to appeal the magistrate judge's order[*] denying relief on his 28 U.S.C. § 2254 (2000) petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Smith has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]In accordance with 28 U.S.C. § 636(c) (2000), the parties consented to have a magistrate judge conduct all proceedings in the case.

- 2 -